UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF ISLAND
MARITIME SERVICES, INC., AS
OWNER, AND EDWARD K. HANSEN, AS
OWNER PRO HAC VICE, OF THE TUG
BETTY, its engines, tackle,
appurtenances, equipment, etc.
IN A CAUSE OF EXONERATION FROM
OR LIMITATION OF LIABILITY
_____/

Case No. 8:10-cv-1632-T-33TGW

**ORDER**

This cause is before the Court pursuant to claimant Total Ventures, LLC's motion to dismiss Plaintiffs' complaint for exoneration from or limitation of liability (Doc. # 11), which was filed on August 27, 2010.  Plaintiffs Island Maritime Services, Inc. and Edward K. Hansen filed a response in opposition to the motion to dismiss (Doc. # 19) on September 10, 2010.  Also before the Court are Plaintiffs' motion to strike claimant Albert Hansen's fourth defense in his answer to Plaintiffs' complaint (Doc. # 13) and Plaintiffs' motion to dismiss Brent Winzer Sprott, Timothy Grant Sprott, and Trena Rhee Walton's claims (Doc. # 14), both of which were filed on August 30, 2010.

1

For the reasons that follow, Total Ventures' motion to dismiss is denied, Plaintiffs' motion to strike Albert Hansen's fourth defense is granted as an unopposed motion, and Plaintiffs' Motion to dismiss the Sprott claims is denied as moot.

I.  **Factual Background and Procedural History**

The Tug Betty, a 99.5 foot towing vessel sunk in international waters on January 25, 2010. (Doc. # 1 at ¶ 8-9, 11-12). The Betty was owned by Plaintiff Island Maritime Services, Inc. (Id. at ¶ 3). Plaintiff Edward Hansen is the owner of Island Maritime. (Id. at ¶ 4). Plaintiffs filed this action for exoneration from or limitation of liability after being sued in state court by various claimants, each alleging injury stemming from the sinking of the Betty.

Specifically, Total Ventures filed suit against Plaintiffs in state court on April 20, 2010, to recover damages for cargo lost when the Betty sank. (Doc. # 1-1). Total Ventures claims that the Betty was carrying 12,964 gallons of fuel oil, valued at $33,965.68, on behalf of Total Ventures when the Betty sank. (Id. at ¶ 6-13). Total Ventures' state court complaint contains the following counts: (1) breach of implied-in-law contract; (2) breach of implied-in-fact contract; (3) unjust enrichment; (4) action in

2

bailment; (5) conversion; (6) constructive fraud; and (7) fraud in the inducement.

In addition, on April 22, 2010, Albert Hansen, a seaman, filed suit against Island Maritime in state court to recover damages related to the sinking of the Betty. (Doc. # 1-1 at 16). Albert Hansen's four count complaint seeks damages related to Hansen's personal injuries sustained when the Betty sank.

Plaintiffs' July 23, 2010, complaint for exoneration from or limitation of liability was filed in this Court pursuant to Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims and Local Admiralty Rule 7.06, M.D. Fla. (Doc. # 1). Therein, Plaintiffs indicate that they "know of 4 possible claims arising from the Incident [the sinking of the Betty] made by Total Ventures, LLC, Albert Hansen, Bobby Ray Sprott and Boskalis." (Id. at ¶ 18). Plaintiffs also allege: "the amount of damages and claims already brought, and all other possible claims against [the Plaintiffs] and the Vessel potentially exceeds the amount of [the Plaintiffs'] interest in the Vessel, including pending freight." (Id. at 19).

On August 17, 2010, Seaman Albert Hansen filed his answer to Plaintiffs' complaint and his claim in the limitation proceedings. (Doc. # 6). Among other defenses, Albert Hansen

3

asserted as his fourth defense: "That the value of the Betty is disputed, however, the Claimant would concede the amount of the hull insurance on the vessel at the time of the casualty would better reflect the fair market value of the vessel. It is also disputed that no 'freight' was pending at the end of the voyage." (Doc. # 6 at 2-3).[1]

In his claim, Albert Hansen explains that he was working as a seaman on the Betty at the time of her sinking, he was thrown across the galley of the vessel, and he fractured his foot and ankle. He contends that Plaintiffs, as the Betty's owners, were negligent, that they failed to provide prompt medical care when he was injured, and that the Betty was unseaworthy.

On August 24, 2010, the three adult children of seaman Bobby Ray Sprott filed their answers to Plaintiffs' complaint and claims in the limitation proceedings (Doc. # 8-10). The Sprott claimants assert that their father Bobby Ray Sprott was

---

[1] On August 30, 2010, Plaintiffs moved to strike Albert Hansen's fourth affirmative defense, arguing, among other things, that it contained immaterial and impertinent allegations and arguments. (Doc. # 13). Albert Hansen was given an opportunity to respond to the motion to dismiss his fourth defense, but elected not to respond the motion. Accordingly, the Court grants the motion to strike as an unopposed motion. Albert Hansen's fourth affirmative defense to the complaint is stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

killed in the sinking of the Betty, and they seek damages for wrongful death allegedly caused by Plaintiffs' negligence pursuant to the Jones Act, 46 U.S.C. § 30104 and for damages allegedly caused by the unseaworthiness of the Betty. (Id.)

On August 30, 2010, Plaintiffs filed a motion to dismiss the Sprott claims, or in the alternative, a request for a more definite statement of their claims. (Doc. # 14). Among other things, Plaintiffs argued, "the proper plaintiff for a wrongful death action under the Jones Act and the Death on the High Seas Act is the Personal Representative of the decedent's estate not beneficiaries." (Id. at 3).

On September 8, 2010, Brent Winzer Sprott filed a response indicating: (1) that he is the Personal Representative of his father's estate; (2) that the Sprott claims are being consolidated; and (3) that the individually filed claims of Timothy Grant Sprott and Trena Rhee Walton would be voluntarily dismissed. (Doc. # 15).

Brent Winzer Sprott filed an amended answer to the complaint and amended claim (Doc. # 18). In addition, Timothy Grant Sprott and Trena Rhee Walton voluntarily dismissed their claims (Doc. # 15-18). The Court determines that Plaintiffs' motion to dismiss the Sprott claims has, thus, been rendered moot.

Total Ventures moved to dismiss Plaintiffs' complaint (Doc. # 11), arguing that Total Ventures' claims concern an October 2, 2009, fuel transfer, and thus, do not "arise" from the January 25, 2010, voyage that is the subject of Plaintiffs' limitation proceedings.[2] Total Ventures also argues that dismissal of the limitation proceedings is appropriate on the basis of the personal contract doctrine.

Due to the procedural posture of this case, the only motion remaining for adjudication by the Court is Total Ventures' motion to dismiss.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)

---

[2] Supplemental Rule F(2), describing the requirements for a complaint for exoneration from or limitation of liability, states: "The complaint may demand exoneration from as well as limitation of liability. It shall state the voyage if any, on which the demands sought to be limited arose . . . the amount of all demands . . . arising on that voyage . . . and what actions and proceedings, if any, are pending thereon."

("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. Analysis

Plaintiffs' complaint describes the sinking of the Betty on January 25, 2010. Total Ventures contends that its claims against Plaintiffs did not arise on the January 25, 2010, voyage described in the complaint, but instead arose on October 2, 2009, when Plaintiffs accepted Total Ventures' fuel oil for safe keeping. Total Ventures asserts: "Plaintiff(s) cannot limit liability concerning causes of action that accrued on a different voyage than the voyage identified in Plaintiff(s)' complaint." (Doc. # 11 at 2).

7

In addition, Total Ventures asserts that the complaint should be dismissed to the extent that the owners of the Betty seek to limit liability for "personal torts or breaches of personal contracts." (Id.) Relying on Richardson v. Harmon, 222 U.S. 96 (1911), Total Ventures argues, "An owner may limit his liabilities for the torts of his master and crew, but he is liable for his own torts and contracts."

Plaintiffs respond that the arguments in Total Ventures' motion to dismiss are prematurely asserted. After due consideration, the Court agrees with Plaintiffs' position.

**A.   Identification of the Voyage**

The issue of when Total Ventures' claims arose is not subject to final adjudication on the present, limited record. The complaint asserts that Total Ventures' claims arose from the sinking of the Betty, and at this point in the proceedings, the Court must accept Plaintiffs' allegation as it is maintained in the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(on motion to dismiss, "we must accept petitioner's allegations as true.").

Furthermore, Plaintiffs persuasively argue that there is a logical relationship between the sinking of the Betty and Total Ventures' claims: "the cargo of fuel oil aboard the Betty would have been returned to Total Ventures and it claims

8

would not have resulted, but for the sinking." (Doc. # 19 at 4). Thus Plaintiffs argue that it was the sinking of the Betty that caused Total Ventures' loss, and therefore, Total Ventures' claims arose from the Betty's final voyage, which is the subject of Plaintiffs' complaint.

Upon due consideration, the Court denies the motion to dismiss to the extent that Total Ventures contends that its claims arose on a voyage that is not the subject of these limitation proceedings. Total Ventures may reassert its arguments on this issue at the summary judgment stage when the record is fully developed.

### B. **Personal Contract Doctrine**

Total Ventures' second contention, that the personal contract doctrine will prevent Plaintiffs from limiting their liability, is also prematurely asserted. The personal contract doctrine "deprives a shipowner of the benefits of limitation and exposes him to the full burden of liability his actions produced." Signal Oil & Gas Co. v. Barge W-701, 654 F.2d 1164, 1168 (5th Cir. 1981). "In application, this is an equitable doctrine based on the proposition that a shipowner should not be able to promise an undertaking or performance that was within his personal control and then turn around and limit liability when his performance was faulty."

9

Mediterranean Shipping Co. v. POL Atlantic, 229 F.3d 397, 403 (2d Cir. 2000). "[T]he test of the personal contract exception is not merely that the shipowner entered into the contract personally, but is whether the obligation (and therefore the breach) was one the shipowner was personally bound to perform, rather than one contemplated he would delegate to his agents and servants." Id.

At this stage of the proceedings, the Court cannot make a determination as to whether Plaintiffs' purported contract with Total Ventures was personal in nature. The Court cannot consider evidence at this juncture, and the complaint does not provide information about the purported contract between Plaintiffs and Total Ventures. On this limited record, the Court cannot determine whether Plaintiffs contemplated delegation of the safekeeping and delivery of Total Ventures' fuel oil to an agent. Thus, the motion to dismiss is denied. Total Ventures may reassert its arguments concerning the personal contract doctrine at the summary judgment stage, when the record is fully developed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Claimant Total Ventures, LLC's Motion to Dismiss Plaintiffs' Complaint for Exoneration from or Limitation

10

of Liability (Doc. # 11) is **DENIED**.

(2) Plaintiffs' Motion to Strike Claimant Albert Hansen's Fourth Defense in his Answer to Plaintiffs' Complaint (Doc. # 13) is **GRANTED**.

(3) Plaintiffs' Motion to Dismiss Brent Winzer Sprott, Timothy Grant Sprott, and Trena Rhee Walton's Claims (Doc. # 14) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>21st</u> day of December 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

11