UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

                               Case No. 8:10-cv-1632-T-33TGW

THE COMPLAINT OF ISLAND
MARITIME SERVICES, INC., AS
OWNER, AND EDWARD K. HANSEN, AS
OWNER PRO HAC VICE, OF THE TUG
BETTY, its engines, tackle,
appurtenances, equipment, etc.
IN A CAUSE OF EXONERATION FROM
OR LIMITATION OF LIABILITY
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs Island Maritime Services, Inc. and Edward Hansen's Motion to Dismiss Claimant Total Ventures, LLC's Claim for Fraud in the Inducement (Doc. # 43), which was filed on February 23, 2011. Total Ventures filed a Response in Opposition to the motion on March 9, 2011. (Doc. # 46). For the reasons that follow, the Court grants the motion. The Court will allow Total Ventures to file an amended claim as specified herein.

**I.**    **Factual Background and Procedural History**

The Tug Betty, a 99.5 foot towing vessel sunk in international waters on January 25, 2010. (Doc. # 1 at ¶ 8-9, 11-12). The Betty was owned by Plaintiff Island Maritime Services, Inc. (Id. at ¶ 3). Plaintiff Edward Hansen is the

1

owner of Island Maritime. (Id. at ¶ 4). Plaintiffs filed this action for exoneration from or limitation of liability on July 23, 2010, after being sued in state court by various claimants, each alleging injuries stemming from the sinking of the Betty.

One such claimant, Total Ventures, filed suit against Plaintiffs in state court on April 20, 2010, to recover damages for cargo lost when the Betty sank. (Doc. # 1-1). Total Ventures claims that the Betty was carrying 12,964 gallons of fuel oil, valued at $33,965.68, on behalf of Total Ventures when the Betty sank. (Id. at ¶ 6-13). Total Ventures asserted the following claims in its state court complaint: (1) breach of implied-in-law contract; (2) breach of implied-in-fact contract; (3) unjust enrichment; (4) action in bailment; (5) conversion; (6) constructive fraud; and (7) fraud in the inducement.

Plaintiffs' July 23, 2010, complaint for exoneration from or limitation of liability was filed in this Court pursuant to the Limitation Act, 46 U.S.C. § 30501, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Local Admiralty Rule 7.06, M.D. Fla. (Doc. # 1). Plaintiffs indicate that they "know of 4 possible claims arising from the Incident [the sinking of the Betty]" and

2

identify Total Ventures, LLC and others as claimants. (Id. at ¶ 18). Plaintiffs also allege: "the amount of damages and claims already brought, and all other possible claims against [the Plaintiffs] and the Vessel potentially exceeds the amount of [the Plaintiffs'] interest in the Vessel, including pending freight." (Id. at 19).

Previously, Total Ventures moved to dismiss Plaintiffs' complaint. (Doc. # 11). The Court denied Total Ventures' motion to dismiss on December 21, 2010. (Doc. # 31). Thereafter, Total Ventures filed its answer, affirmative defenses, and claims. (Doc. # 39). Total Ventures asserts the same seven claims in these limitation proceedings as in its state court complaint: (1) breach of implied-in-law contract; (2) breach of implied-in-fact contract; (3) unjust enrichment; (4) action in bailment; (5) conversion; (6) constructive fraud; and (7) fraud in the inducement.

At this stage of the proceedings, Plaintiffs move to dismiss Total Ventures' fraud in the inducement claim under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. (Doc. # 43). The motion to dismiss is ripe for this Court's review. (Doc. # 46).

**II. Analysis**

    **A. Rule 12(b)(6)**

3

Plaintiffs claim that Total Ventures' fraud in the inducement claim is subject to dismissal pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

4

The Eleventh Circuit has instructed: "A cause of action for fraud in the inducement contains four elements: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." PVC Windoors, Inc. v. Babbitbay Beach Constr., 598 F.3d 802, 808-809 (11th Cir. 2010)(internal citations omitted).

Total Ventures' fraud in the inducement claim passes muster under Rule 12(b)(6) because Total Ventures alleges that Edward Hansen and Island Maritime asked Total Ventures to turn over 12,964 gallons of fuel for safekeeping and promised that the fuel would be returned to Total Ventures after a towing voyage. (Doc. # 39 at 3, ¶ 2). Acting in reliance on the promise of the return of the fuel, Total Ventures transferred the fuel to Hansen and Island Maritime. (Id. at 3, ¶ 3). Total Ventures alleges that Hansen and Island Maritime knew that the statements in question (the promise to return the fuel and that the fuel was transferred for safekeeping) were false and that Hansen and Island Maritime intended that Total Ventures would rely on such statements. (Id. at 7, ¶ 40-41). In reliance on these false statements, Total Ventures transferred the fuel, which was not returned after the voyage,

5

despite repeated demands. (Id. at 7, ¶ 42). Total Ventures alleges that the fuel is worth $33,965.68. (Id. at 7, ¶ 43).

After reviewing the claim, the Court finds that Total Ventures has pled "factual content that allows the court to draw the reasonable inference that [Hansen and Island Maritime are] liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Total Ventures alleged that Hansen and Island Maritime made false statements regarding a material issue of fact, that at the time the statements were made, Hansen and Island Maritime knew that such statements were false, that such statements were made with intent to deceive, and that Total Ventures was damaged in the amount of $33,965.68 due to its reliance on the false statements.

The Court thus determines that Total Ventures has surpassed the allegation of mere labels and conclusions and has "nudged [its] claim[] across the line from conceivable to plausible." Bell Atlantic, 550 U.S. at 570. Accordingly, the Court denies the motion to dismiss to the extent that the motion is based on Rule 12(b)(6).

**B.   Rule 9(b)**

Plaintiffs also contend that Total Ventures' fraud in the inducement claim is subject to dismissal pursuant to Rule 9(b) because it fails to describe precisely the fraudulent conduct

6

at issue.

Rule 9(b) requires a plaintiff "alleging fraud . . . [to] state with particularity the circumstances constituting fraud." Fraud allegations must be stated with particularity to alert defendants to the "precise misconduct with which they are charged" and to protect defendants "against spurious charges of immoral and fraudulent behavior." Durham v. Bus. Mgmt. Assoc., 847 F.2d 1505, 1511 (11th Cir. 1988)(internal citations omitted). Rule 9(b) is satisfied if the complaint sets forth:

> "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omission, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)(citing Brooks v. BCBS Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)).

The Court has analyzed Total Ventures' fraud in the inducement claim against the touchstone of Rule 9(b) and the aforementioned cases, and the Court determines that such claim does not satisfy Rule 9(b). This is because Total Ventures fails to identify the place of the alleged fraud.

Total Ventures has alleged the identity of the statements (the promise to hold the fuel in safekeeping and to return the fuel after a towing voyage), when the statements were made and who made them (Hansen and Island Maritime made the statements on or about October 19, 2009), how the statements misled Total Ventures (Total Ventures turned over valuable fuel in reliance on the statements), and what Hansen and Island Maritime received as a result of the statements (they received the valuable fuel as a result of making the statements). Absent from the claim, however, is the location of the allegedly fraudulent conduct. Accordingly, the Court dismisses the fraud in the inducement claim without prejudice and will allow Total Ventures to file an amended claim for fraud in the inducement on or before March 21, 2011.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Island Maritime Services, Inc. and Edward Hansen's Motion to Dismiss Claimant Total Ventures, LLC's Claim for Fraud in the Inducement (Doc. # 43) is **GRANTED to the extent that the Court dismisses Total Ventures' fraud in the inducement claim without prejudice and will allow Total Ventures to file an amended claim on or before March 21, 2011.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of March 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

9