```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION

                      IN ADMIRALTY

IN THE MATTER OF:
                                Case No. 8:10-cv-1632-T-33TGW
THE COMPLAINT OF ISLAND
MARITIME SERVICES, INC., AS
OWNER, AND EDWARD K. HANSEN, AS
OWNER PRO HAC VICE, OF THE TUG
BETTY, its engines, tackle,
appurtenances, equipment, etc.
IN A CAUSE OF EXONERATION FROM
OR LIMITATION OF LIABILITY
_____/
```

**ORDER**

This cause comes before the Court pursuant to Total Ventures, LLC's Motion to Stay Action for Exoneration from or Limitation of Liability and to Lift Injunction Restraining Actions Against Petitioners (Doc. # 60), filed on May 23, 2011. Island Maritime Services, Inc. and Edward Hansen (the Limitation Plaintiffs) filed a Response in Opposition to the Motion (Doc. # 62), on June 6, 2011. For the reasons that follow, the Court grants the Motion.

**Discussion**

The Tug *BETTY*, a 99.5 foot towing vessel, sunk in international waters on January 25, 2010. (Doc. # 1 at ¶ 8-9, 11-12). The *BETTY* was owned by Plaintiff Island Maritime Services, Inc. (Id. at ¶ 3). Plaintiff Edward Hansen is the

owner of Island Maritime Services, Inc. (Id. at ¶ 4). Pursuant to Rule F, Supplemental Rules for Admiralty and Maritime Claims and Local Admiralty Rule 7.06, Plaintiffs filed this action for exoneration from or limitation of liability on July 23, 2010, after being sued in state court by various claimants, each alleging injuries stemming from the sinking of the *BETTY*. (Doc. # 1).

On July 28, 2010, the Court entered a Monition which, among other things, directed potential claimants to appear and respond to the action on or before August 30, 2010. (Doc. # 4). In accordance with Supplemental Rule F(4) and Local Admiralty Rule 7.06(b), Plaintiffs filed a Proof of Publication indicating that the Notice of Monition was published in *The Free Press*, a daily newspaper published in Tampa, Florida in the issues of July 31, 2010, and August 7, 14, and 21, 2010. (Doc. # 7).

Claimants Albert Hansen, Bret W. Sprott, Timothy G. Sprott, Trena R. Walton, and Total Ventures LLC filed timely claims. As of this date, only the claim of Total Ventures LLC remains pending. No other potential claimants have filed answers and/or claims, or have otherwise appeared in this action. The Clerk entered a default against the non-filing claimants pursuant to Rule 55(a) of the Federal Rules of Civil

Procedure on June 14, 2011. (Doc. # 67). This Court closed the Monition period and barred other persons from filing future claims in this action by order dated July 8, 2011. (Doc. # 71).

Because this case has been boiled down to the claim of Total Ventures against the Limitation Plaintiffs, the Court determines that it is appropriate to grant Total Ventures's Motion to Stay Action for Exoneration from or Limitation of Liability and to Lift Injunction Restraining Actions Against Petitioners (Doc. # 60). In their response to the Motion, the Limitation Plaintiffs discussed the "single claimant" exception to this Court's exclusive jurisdiction over limitation cases such as the present one. (Doc. # 62 at 3).

The "single claimant" exception was described by the Eleventh Circuit in Beiswenger Enters. Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996). There, the court determined that, although federal courts have exclusive "jurisdiction to determine whether the vessel owner is entitled to limited liability . . . [there are] two sets of circumstances under which the damage claimants must be allowed to try liability and damages issues in a forum of their own choosing." Id. at 1036-37. The first set of circumstances described in Beiswenger is the "adequate fund" exception, which does not

3

appear to apply here. The second exception, the "single claimant" exception, does apply. As stated in <u>Beiswenger</u>,

> Because a major purpose of the *concursus* proceeding is to resolve *competing* claims to the limitation fund, the single claimant may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability. Specifically, the claimant must waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding . . . . If the state court (or the law side of the federal court) holds the vessel owner liable for the accident and assesses damages exceeding the limitation fund, the parties must return to the admiralty court for a determination of the privity or knowledge issues. . . . If limitation is denied (e.g. because the vessel owner fails to establish a lack of privity or knowledge), the claimant may then enforce his or her state court judgment for damages exceeding the limitation fund. Accordingly, the shipowner's absolute right to claim limited liability, and to reserve the adjudication of that claim in the admiralty court, has been fully protected.

<u>Id.</u> (internal citations and quotation marks omitted).

This Court is faced with a single claimant situation because the claims period has closed, and only one claim, that of Total Ventures, remains for adjudication. Barring an inadequate stipulation, the Court must allow Total Ventures to litigate in its chosen forum.

The Court has evaluated the Stipulation of Total Ventures (Doc. # 60-1) and finds that it is in compliance with Beiswenger.[1]  It protects the Limitation Plaintiffs by saving for this Court the ultimate decision of whether to limit liability.  The Stipulation also indicates that this Court will determine the value of the vessel.  In addition, the Stipulation contains a waiver of res judicata claims.  The Limitation Plaintiffs' objections to the Stipulation do not hold water because the Stipulation contains the substantive language required by Beiswenger.

In addition, the Court rejects the Limitation Plaintiffs' argument that the Motion to Stay Action for Exoneration from or Limitation of Liability and to Lift Injunction Restraining Actions Against Petitioners should be denied due to the filing of a related action for limitation of liability in the United States District Court for the Southern District of Florida.  (Case 1:11-cv-20379-KMM)  In that action, filed by Boskalis Westminster St. Lucia, Ltd., Boskalis Westminster International B.V. and Boskalis Westminster Middle East, Ltd.

---

[1] When the Stipulation was filed, both Total Ventures and Brent Winzer Sprott maintained active claims against the Limitation Plaintiffs.  After the filing of the Stipulation, Sprott settled his claim.  Therefore, the Court disregards reference to Sprott in the Stipulation.  The Court considers the Stipulation to be filed on behalf of Total Ventures, only.

5

(collectively Boskalis) Boskalis seeks to limit its own liability with respect to the sinking of the *BETTY*.

This Court is well aware of the pendency of the Boskalis case; however, its existence does not impede this Court's decision to lift the stay in this action. As noted, Boskalis seeks to limit its own liability, and Boskalis has not filed a claim against the limitation Plaintiffs in this action.

Thus, the Court determines that it is appropriate to stay this action and lift its prior injunction restraining actions against the Limitation Plaintiffs. Total Ventures may proceed against the Limitation Plaintiffs in the forum of Total Ventures's choosing. After that litigation is concluded, the parties may return to this Court for further proceedings, as outlined in the Stipulation. (Doc. # 60-1).

Accordingly it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Total Ventures, LLC's Motion to Stay Action for Exoneration from or Limitation of Liability and to Lift Injunction Restraining Actions Against Petitioners (Doc. # 60) is **GRANTED.**

(2) The Court Lifts its Injunction Restraining Actions Against Petitioners.

(3) The Clerk is directed to **STAY AND ADMINISTRATIVELY CLOSE THE CASE.** The Clerk is further directed to terminate all pending motions.

(4) The parties may return to this Court for further proceedings as outlined in the Stipulation (Doc. # 60-1).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of August, 2011.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel and Parties of Record